### FULTON v. MUROV et al. *
### No. 4422.

Court of Appeal of Louisiana.
Second Circuit.
March 6, 1933.

Foster, Hall, Barret & Smith and Julius T. Long, all of Shreveport, for appellants.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, and Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

DREW, Judge.

This suit arose out of the same accident as did the suit of Safety Tire Service, Incorporated, v. Murov, decided by this court and reported in 19 La. App. 663, 140 So. 879.

In the Safety Tire Service, Incorporated, Case, the owner of the truck which plaintiff in this suit was driving sued for damages sustained by the truck and its contents. In this suit, the driver of that same truck is suing for personal injuries received by him in the same accident.

In the former case, we held that defendant, Murov, was guilty of negligence in leaving a parked truck on the roadway after night, without lights, but that the driver of plaintiff's truck (plaintiff in this suit) was guilty of contributory negligence such as to bar recovery. The contributory negligence of plaintiff's driver was based upon the testimony of the driver himself that he saw the truck and the end gate of the truck at about the same time, and that he failed to bring his truck under control, after being blinded by the lights of an on-coming car, so as to be able to stop in case of an emergency. In that case, we disagreed with a decision of the First Circuit Court of Appeal. A writ of review to the Supreme Court in the case was applied for and refused.

In this case, which was tried after the Safety Tire Service, Incorporated, Case, the entire evidence in the Safety Tire Service Case was filed in evidence, and some additional testimony offered. The only additional evidence as to the contributory negligence of plaintiff is the testimony of plaintiff himself, who testified on some material points entirely different from what he did when the Safety Tire Service Case was tried, and we are now asked by counsel for plaintiff to disregard his testimony given in the first case, and accept his testimony as given in this case.

We might have been forced to do so, had not the evidence in the former been filed as evidence in this case and made a part of the record. There is no other evidence in this case bearing upon the contributory negligence of plaintiff than was offered in the former case, except the contradictory evidence of plaintiff himself, which he gave without in any way attempting to explain or show error in his former testimony. Therefore, we see no just reason for reversing our former opinion and ruling, that he was guilty of contributory negligence such as to bar his recovery.

In the case of Safety Tire Service, Incorporated, v. Murov, supra, the case is fully stated, discussed, and reasons given for the finding of the court, and, for the reasons therein assigned, the demands of plaintiff herein are rejected, and the judgment of the lower court is affirmed, with costs.

MILLS, J., recused.

*Rehearing denied March 31, 1933.